# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COTY WAYNE DECKER,<br><br>Defendant. | Case No. 2:13-cr-00220-KJD-PAL<br>2:20-cv-01116-KJD<br><br>ORDER |

Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#41). The Government filed a Motion for Leave to Advise the Court of Legal Developments Relevant to Defendant's Motion to Vacate Sentence (#43). Movant responded in opposition (#44) to which the Government replied (#45).

I.   Factual and Procedural Background

Movant Coty Wayne Decker ("Decker" or "Defendant") was convicted, on his guilty plea, of unlawful possession of a firearm by a previously convicted felon. He now requests that the Court vacate his sentence under 28 U.S.C. § 2255, asserting that his indictment and subsequent conviction are invalid.

Decker has a lengthy criminal history, dating back to 2000 at age 12. Decker has been convicted of many misdemeanors and felonies, including aggravated battery, unlawful possession of a converted motor vehicle, driving on a revoked license, robbery, and much more. (PSI). In 2003, after his conviction for aggravated battery, he was sentenced to 60 months in prison. Id. In 2006, after his conviction for unlawful possession of a converted motor vehicle, he was sentenced to 36 months in prison. Id. And in 2009, after his conviction of robbery, he was sentenced to another 60 months in prison. Id. In 2011, he was sentenced to 272 days in jail and 30 months' probation for the unlawful possession of a weapon by a felon. Id.

Now Decker challenges his conviction for violating 18 U.S.C. § 922(g)(1), after he plead guilty pursuant to a written plea agreement and was sentenced to 68 months' imprisonment. He argues that the indictment was defective, and that it deprived this Court of jurisdiction and violated his Fifth and Sixth Amendment rights. (#41).

Decker's signed plea agreement stated that (1) he possessed a firearm; (2) the admissions and declarations within his plea agreement satisfied every element of the charged offense; (3) he waived any potential future claim that the facts admitted in his plea agreement were insufficient to satisfy the elements of the charged offense; and (4) at the time he possessed the firearm he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year. (#34).

II.     Legal Standard

28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine enumerated categories to "possess in or affecting commerce any firearm or ammunition." Section 924(a)(2) sets out the penalties applicable to "[w]however knowingly violates" § 922(g). Before June 2019, courts treated the knowledge requirement in § 924(a)(2) as applying only to the defendant's possession of a firearm or ammunition, not to the fact that he fell within the relevant enumerated category. But on June 21, 2019, the Supreme Court issued its decision in Rehaif v. United States, 139 S.Ct. 2191 (2019), holding that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a § 922(g) offense. Id. at 2194. This decision applies to all § 922(g) categories, including felons under § 922(g)(1). A felon is one who has been convicted of a crime punishable by more than one year of imprisonment.

In Rehaif, the Supreme Court stated:

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

Id. Rehaif does not stand for the proposition that the government must prove the defendant knew his possession of the firearm was unlawful. Rehaif requires proof of the defendant's felonious status. So, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that (1) the defendant knew he possessed a firearm and that (2) he knew he belonged to the relevant category of persons barred from possessing a firearm. See id. at 2200. To hold otherwise would mean that pure ignorance of the United States Code was a sufficient defense.

The Supreme Court also recently held that "[i]n felon-in-possession cases, a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." Greer v. United States, 141 S.Ct. 2090, 2093 (2021). The Court held that the defendants in that case must have shown that had the Rehaif errors been correctly advised, there was a "reasonable possibility" they would been acquitted or not have plead guilty. Id. The Court held that it was unlikely they would have carried that burden because both had been convicted of multiple felonies before and those "prior convictions are substantial evidence that they knew they were felons." Id. The Court also rejected the argument that a Rehaif error is a structural one that requires automatic vacatur and held that "Rehaif errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" Id., quoting Arizona v. Fulminante, 499 U.S. 279, 306 (1991).

III.   Analysis

**A.  Jurisdiction**

Decker argues that his indictment failed to describe the criminal conduct as per Rehaif, which constitutes a fatal defect and deprived the Court of jurisdiction. (#41, at 14). However, the

1  Ninth Circuit has ruled on this identical argument, holding that "the indictment's omission of the
2  knowledge of status requirement did not deprive the district court of jurisdiction." United States
3  v. Espinoza, 816 Fed.Appx. 82, 84 (9th Cir. 2020). "The Supreme Court has explicitly rejected
4  'the view that indictment omissions deprive a court of jurisdiction…" and this holding applies
5  where 'an indictment fails to allege the specific intent required' for a crime[.]" Id., quoting
6  United States v. Cotton, 535 U.S. 625, 631 (2002), United States v. Velasco-Medina, 205 F.3d
7  839, 845-46 (9th Cir. 2002). Therefore, the Court rejects Decker's argument that this Court
8  lacked jurisdiction.

   **B.  Fifth Amendment Rights**

   Decker also argues that because of the insufficient indictment, his Fifth Amendment rights were violated, and his sentence should be vacated. (#41, at 16). "The Fifth Amendment's grand jury requirement establishes the 'substantial right to be tried only on charges presented in an indictment returned by a grand jury.'" United States v. Davis, 854 F.3d 601, 603 (9th Cir. 2017), quoting United States v. Antonakeas, 255 F.3d 714, 721 (9th Cir. 2001). Decker asserts that the failure to include the Rehaif elements "impermissibly allow[ed] conviction on a charge never considered by the grand jury" and that he should not have been tried based off this faulty indictment. (#41, at 16, 18). He also argues that this was a structural error that does not require a showing of prejudice. Id. at 15-16.

   "In this circuit an indictment missing an essential element that is properly challenged before trial *must* be dismissed." United States v. Qazi, 975 F.3d 989, 991 (9th Cir. 2020). Decker has not presented any evidence that he properly challenged his indictment before trial.

   Further, the Supreme Court has held that a Rehaif error is not a structural one, so Armstrong must show actual prejudice. In Greer, the Court explained that "[s]tructural errors are errors that affect the 'entire conduct of the [proceeding] from beginning to end" and consist of things like "the denial of counsel of choice, denial of self-representation, denial of a public trial, and failure to convey to a jury that guilt must be proved beyond a reasonable doubt." Greer, 141 S.Ct., at 2100. There, the Court held that "the omission of a single element from jury instructions or the omission of a required warning from a Rule 11 plea colloquy–are not structural because they do

not 'necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." Id., quoting Neder v. United States, 527 U.S. 1, 9 (1999).

The Court finds that here, the omission of the Rehaif requirement in the indictment does not amount to a structural error because it did not render Decker's legal proceedings fundamentally unfair or an unreliable vehicle for him deciding to plead guilty. As noted in Greer, "[i]f a person is a felon, he ordinarily knows he is a felon." Greer, 141 S.Ct., at 2097. "Felony status is simply not the kind of thing that one forgets." Id., quoting United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020). Decker has not made an argument that he did not know he was a felon, nor has he made a sufficient argument that the indictment truly did infect the entire judicial proceeding such that he would have changed his guilty plea. In fact, Decker had already been convicted in Illinois of unlawful possession of a weapon by a felon (PSI). Considering his lengthy criminal history, there is no reasonable possibility that Decker did not know he had been convicted of a crime punishable by a term of imprisonment of more than one year. Therefore, the Court does not agree that Decker's Fifth Amendment rights were violated.

**C. Sixth Amendment Rights**

Decker makes a similar argument regarding his Sixth Amendment rights– that the indictment did not give him reasonable certainty of the nature of the accusation against him and that it inhibited his counsel's ability to properly defend him. (#41, at 19-20). The Court does not find this convincing. Again, Decker has not made any representations that he did not know of his felonious status at the time he possessed the gun, and he has not shown in any way that it affected his guilty plea. His signed plea agreement explicitly stated that he was a convicted felon.

Decker asserts this also was a structural error that entitles him to relief without showing prejudice. Id. at 20. However, as clarified in Greer and explained above, this was not a structural error. Decker has been convicted of multiple felonies before, which is strong evidence that he knew he was in the relevant category of persons prohibited from possessing a firearm. Further, the Supreme Court reasoned that when a defendant considers pleading guilty for this charge, he will usually recognize that as a felon, a jury would find he knew he was a felon when he possessed the gun and would likely factor that in when making the decision. Greer, 141 S.Ct., at

2097. "In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the Rehaif error, the outcome of the district court proceedings would have been different." Id. Decker has not made a showing that his Sixth Amendment rights were violated because of the Rehaif error, and as per Greer, his sentence will not be vacated.

IV.     Certificate of Appealability

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Decker has not met his burden in demonstrating that there was any reasonable probability that he did not know that he was a felon and, therefore, prohibited from possessing a firearm.

//
//
//
//
//
//
//
//
//

V. <u>Conclusion</u>

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#41) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:20-cv-01116-KJD, and close that case;

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

DATED this 15th day of May 2023.

Kent J. Dawson
United States District Judge